Schwarz, Petitioner, *v.* District Court of Arecibo, Respondent.

Petition for a Writ of Certiorari to the District Court of Arecibo, Hon. Enrique Lloreda, Judge.

No. 415.—Decided June 8, 1923.

Attachment—Security—Surety Companies.—A liberal construction of section 6 of the Attachments Act of 1902, in harmony with section 355 of the Code of Civil Procedure and section 159 of the Insurance Law of Porto Rico, justifies the conclusion that a bond for the purpose of dissolving an attachment, furnished by an insurance company organized under the laws of Porto Rico and authorized to furnish bond in legal actions or proceedings, is valid.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for the petitioner.

*Mr. G. Zeno Sama* for the adverse party.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is a petition for a writ of certiorari. The question involved is whether an insurance company organized under the laws of Porto Rico and authorized to give security in legal actions or proceedings can intervene as surety for the purpose of dissolving an attachment granted in accordance with the Act to secure the effectiveness of judgments.

It appears from the record that in a certain action prosecuted in the District Court of Arecibo an attachment to secure the effectiveness of the judgment that might be rendered therein was granted and certain cases of merchandise belonging to the defendant were attached. The defendant moved to dissolve the attachment, offering to secure the amount sued for with a bond furnished by the Porto Rico & American Insurance Co., a corporation organized under the laws of Porto Rico, which bound itself to pay to the plaintiffs the sum of $1,800 claimed in the complaint if judgment should be rendered against the defendant for that amount. The plaintiffs objected and the court ruled on the question as follows:

"Considering that the security offered by the defendants and objected to by the plaintiff does not conform to the provision of Section 6 of the Act to secure the effectiveness of judgments that 'personal security can only be given by such persons as pay into the treasury of Porto Rico, in the capacity of real estate owners, a tax on property representing a capital double the value of the bond required by the court for ordering the remedy', and as the bond furnished has not those essential and necessary requisites;

"It is not approved and the defendant's motion that the attached merchandise be left at his disposal is overruled for the reasons stated by the plaintiff."

If the law quoted by the district judge be considered alone his decision would seem to be well founded, but sub-

sequent to the Act to secure the effectiveness of judgments the Legislature enacted the Code of Civil Procedure, section 355 of which, in so far as pertinent, reads:

"In all cases where an undertaking with sureties is required by the provisions of this Code, the officer taking the same must require the sureties to accompany it with *  *  *.

"(2) Any corporation with a paid up capital of not less than one hundred thousand dollars, incorporated under the laws of this Island, or any state of the United States for the purpose of making, guaranteeing or becoming a surety upon bonds or under-takings required by law, may become and may be accepted as security or as sole and sufficient surety upon such undertaking or bond, and such corporate surety shall be subject to all the liabilities and entitled to all the rights of natural persons' sureties; *Provided,* that said corporation shall have complied with all the requirements of the law of this Island, regulating the formation or admission of these corporations to transact such business in this Island."

And the insurance law of Porto Rico in section 159 authorizes the corporations organized thereunder to furnish "Insurance to guarantee the faithful performance of the duties of any person holding public or private office of trust; to guarantee faithful compliance with contracts other than insurance contracts, or to give bond or guarantee in legal actions or proceedings, and besides, insurance to compensate *  *  *."

Harmonizing all of these statutes which tend to facilitate transactions and bring them up to modern standards, it is impossible to deny the validity of a bond duly given by a corporation of that class in attachment proceedings. And when such a bond is given the requisite of showing the payment of taxes is not necessary, because the solvency of the corporation is under the constant inspection of the Government.  Act. No. 66, *supra,* providing for the incorporation of domestic insurance companies; to regulate the in-

surance business in Porto Rico, and for other purposes, approved July 16, 1921.

By virtue of the foregoing the order of which the petitioner complains, that of the District Court of Arecibo of May 9, 1923, in case No. 6799, must be set aside and the record of the said case will be returned to the said district court for further proceedings in accordance with the law and the principles laid down in this opinion.

*Reversed and remanded.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.